UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON T. HUNTER,

                  Plaintiff,

-against-

DOJ – US HOMELAND SECURITY,

                  Defendant.

21-CV-1817 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Treasure Coast Forensic Treatment Center in Indiantown, Florida, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Hunter v. Dep't of Children and Family Srvs.*, No. 21-CV-14168 (S.D. Fla. Apr. 16, 2021) (noting that Plaintiff had filed three or more cases that were dismissed as frivolous).[2] That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff submitted an IFP application and prisoner authorization after submitting his original complaint (ECF 3-4.)

[2] The three cases noted by the Southern District of Florida are: *Hunter v. Cowden*, No. 20-CV-12357 (S.D. Fla. Nov. 2, 2020) (dismissed as frivolous); *Hunter v. U.S. Marshals*, No. 20-CV-1405 (N.D. GA Dec. 4, 2020) (same); *Hunter v. Bloom*, No. 21-CV-14045 (S.D. Fla. Mar. 22, 2021) (same). Although the district court in the 21-CV-14045 action dismissed the matter after Plaintiff filed this action, Plaintiff previously accumulated another strike before filing this action, that is, *Hunter v. Cowden*, No. 20-CV-14357 (S.D. Fla. Nov. 2, 2020) (case dismissed as frivolous).

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff provides a summary of his past litigation, lists the judges assigned to his cases, and asserts claims against various state departments. For example, he alleges, verbatim, that

> FL Department of Law Enforcement breach oath/affirmation in duty to defend equally protect (Mallory v. US, USSC, 1957) allow a charge "Practice of Law" (Misdemeanor 2) [ABA v. FL BAR ALJ #23 (2010) to be legislated as a 3d degree felony in 2011 contrary to the ULC-Chicago. Backdate hunter's arrest to 10-15-2015 court filed arrest 9-2-2015, a said offense on 7-28-2015 contrary to St ex vel lockmiller v. FL. AOG-General Pam Bondi – No POL to candidates for office & w/o prior FL BAR warning.

(ECF 1, at 7.) Because Plaintiff's allegations do not suggest that he is in imminent danger of serious physical injury, he is barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff is barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  June 15, 2021
        New York, New York

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                          Chief United States District Judge